# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| OSCAR GUILLEN, SR., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.: 2:13-CV-71-TLS |
| v. | ) | |
| | ) | |
| MANUAL BARAGEN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Oscar Guillen, Sr., a prisoner proceeding pro se, filed a complaint in Lake County Superior Court, which was removed to this Court by the Defendants [ECF Nos. 1, 2]. Guillen cannot litigate in this Court, however, because he is a restricted filer. On October 29, 2009, the Court entered an order directing the Clerk "to return, unfiled, any papers filed in any case by or on behalf of Oscar Guillen, Sr. (except for a notice of appeal or unless filed in a criminal or habeas corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court." *Guillen v. Hoppe*, 2:09-CV-345 (N.D. Ind. filed Oct. 19, 2009). That sanction was imposed because Guillen is an abusive litigator who filed at least nine frivolous cases or appeals, and then attempted to "bamboozle" the Court to evade his obligation to pre-pay the filing fee. *Guillen v. Hoppe*, 2:09-CV-345 (N.D. Ind. filed Oct. 19, 2009); 28 U.S.C. § 1915(g); *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). The filing restriction is still in place because Guillen owes this Court about $3,465 in unpaid filing fees.

The Defendants removed the complaint because it contains federal claims, and it was their right to do so. *See* 28 U.S.C. § 1441. However, because Guillen is unable to file anything in this Court, it is impossible for him to litigate here. Accordingly, the federal claims contained in the complaint will be dismissed without prejudice. They cannot be litigated unless and until the

filing restriction is lifted. Guillen's state law claims will be remanded to the state court for further proceedings. *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. 1367(c)(3).") (citing *Hansen v. Bd. Of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008)).

For the foregoing reasons, the Plaintiff's federal claims are **DISMISSED WITHOUT PREJUDICE** as stated herein, and the case is **REMANDED** to Lake County Superior Court for further proceedings on his state law claims.

SO ORDERED on February 26, 2013.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION